MATTHEW G. BALL (SBN 208881)
matthew.ball@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: +1 415 249 1014
Facsimile: +1 415 882 8220

Ashley Song (SBN 327688)
ashley.song@klgates.com
K&L GATES LLP
1 Park Plaza
Twelfth Floor
Irvine, California 92614
Telephone: +1 949 253 0900
Facsimile: +1 949 253 0902

Attorneys for
BOSCH SOLAR ENERGY
CORPORATION

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| BOSCH SOLAR ENERGY CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>GREEN SOLAR TECHNOLOGIES, INC. (F/K/A "AMERICAN SOLAR SOLUTION, INC."),<br><br>Defendants. | Case No.<br><br>(Case No. 5:18-cv-05841-BLF in the United States District Court for the Northern District of California)<br><br>**BOSCH SOLAR ENERGY CORPORATION'S NOTICE OF MOTION AND MOTION TO COMPEL PRODUCTION OF DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:<br>TIME:<br>DEPT.: |

# NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on _____ \_\_\_, 202_ at 9:00 A.M., or as soon thereafter as counsel may be heard in Courtroom \_\_\_\_ of the above-captioned Court, located at 411 West 4th Street, Room 1053, Santa Ana, California 92701, Bosch Solar Energy Corporation ("Bosch Solar") will and hereby does move to compel the production of documents requested of nonparty Green Solar Technologies, Inc. (f/k/a "American Solar Solution, Inc.").

By this motion and pursuant to Federal Rule of Civil Procedure 45, Bosch Solar respectfully seeks an order from this Court compelling nonparty Green Solar Technologies, Inc. f/k/a American Solar Solution, Inc. ("Green Solar"), an installer and/or distributor of Bosch Solar modules, to comply with a valid and properly served Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena").

The Subpoena was validly issued in the lawsuit styled *Rojas v. Bosch Solar Energy Corporation*, Case No. 5:18-cv-05841, which is currently pending in the United States District Court for the Northern District of California. Bosch Solar brings this Motion in this Court pursuant to Rule 45(g) of the Federal Rules of Civil Procedure, which requires a motion regarding non-compliance with a subpoena to be filed with "the court for the district where compliance is required." Fed. R. Civ. P.45(g). Rule 37(a)(2) likewise provides that a "motion for an order to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 37(a)(2).

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Nicole C. Mueller in Support of Bosch Solar Energy Corporation's Motion to Compel Production of Documents (the "Mueller Declaration") and exhibits thereto, the pleadings, Orders of Court, and records on file in this action, such additional authority and argument as may be presented in any reply and at the hearing on this Motion, and such other matters of which this Court may take judicial notice.

/ /

/ /

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   STATEMENT OF RELEVANT FACTS

Bosch Solar is the defendant in the lawsuit styled *Rojas v. Bosch Solar Energy Corporation*, Case No. 5:18-cv-05841 and which is pending in the United States District Court for the Northern District of California (the "Lawsuit"), in which plaintiffs sought relief on behalf of a class following Bosch Solar's voluntary recall of the Bosch c-Si M 60 NA30119 solar panels (the "Solar Panels") in 2017. The parties to the Lawsuit have reached a settlement, which has been preliminarily approved by the Court. *See* September 21, 2022 Order Preliminarily Certifying Settlement Class, Granting Preliminary Approval of Settlement, and Approving Class Notice, Case No. 5:18-cv-05841 (N.D. Cal.) (ECF No. 241) (the "Preliminary Approval Order"). The settlement class includes the purchasers, owners, and/or end users of the Solar Panels and the parties to the Lawsuit have been charged with identifying and locating these class members to provide notice of the settlement.

On September 7, 2022, Bosch Solar issued a subpoena to Green Solar, an installer and/or distributor of Bosch Solar modules, requesting the production of document identifying the locations, purchasers, owners and end users of the Solar Panels. (*See* **Exhibit A** to the Mueller Decl.) Bosch Solar issued the Subpoena for the purpose of identifying and giving notice of the settlement of this action to members of the Settlement Class (as defined in the Preliminary Approval Order). The Subpoena commanded production of responsive documents on or before September 21, 2022. (*See* **Exhibit A** to the Mueller Decl. at 1) The Subpoena was served on Green Solar on September 12, 2022. (*See* **Group Exhibit B** to the Mueller Decl.) As of the date of this filing, counsel for Bosch Solar has received no objection or production of documents from Green Solar. (*See* Mueller Decl. at ¶ 6.) However, counsel for Bosch Solar has been in contact with a representative of Green Solar. Namely, on November 3, 2022, counsel for Bosch Solar spoke to a representative, who asked counsel to send the subpoena materials to his email address and indicated that he would forward the materials to the company's legal counsel. Counsel for Bosch Solar did so but received no response to that email, or to the follow up inquiries sent on November 10, 2022 and December 6, 2022. (Mueller Decl. at ¶ 8.) Bosch Solar also sent a follow up letter to Green Solar at an email address listed on its

website, but received no response. (Mueller Decl. at ¶ 7.)

## II.     ARGUMENT

### A.     Legal Standard

Federal Rule of Civil Procedure 45 permits a party to serve a subpoena on a nonparty requiring production of documents. *Erickson v. Builder Advisor Grp. LLC*, No. 22-mc-80094-TSH, 2022 WL 1265823, at *2 (N.D. Cal. Apr. 28, 2022). "The scope of the discovery that can be requested through a subpoena under Rule 45 is the same as the scope under Rule 26(b)." *Maplebear Inc. v. Uber Techs., Inc.*, No. 21-mc-80007-SK, 2021 WL 1845535, at *1 (N.D. Cal. Mar. 23, 2021). Under Rule 26(b), a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). If a nonparty fails to respond to a Rule 45 subpoena, the issuing party may seek enforcement of the subpoena by filing a motion to compel compliance with the subpoena in "the court for the district where compliance is required." *Erickson*, 2022 WL 1265823 at *2. "The court has discretion to determine whether to grant a motion to compel." *Fujikura Ltd. v. Finisar Corp.*, No. 15-mc-80110-HRL (JSC), 2015 WL 5782351, at *3 (N.D. Cal. Oct. 5, 2015). The court may compel compliance "where the nonparty has not formally objected but has instead failed to respond." *In re Subpoena to VaughnPerling*, No. 2:19-mc-00083-CAS(Ex), 2019 WL 8012372, at *3 (C.D. Cal. Dec. 2, 2019).

### B.     Green Solar Should Be Compelled to Comply with the Subpoena and Produce the Requested Documents

Compliance with the Subpoena should be compelled by this Court. The Subpoena was properly issued by the United States District Court for the Northern District of California, where this action is pending. (*See* **Exhibit A** to the Mueller Decl. at 1) The Subpoena identifies as the place of compliance the offices of Veritext located at 14520 Sylvan Street, Van Nuys, CA 91411 or K&L Gates LLP located at 4 Embarcadero, Suite 1200, San Francisco, CA 94111 (*id.*), which is located within one hundred miles of the address identified as Green Solar's principal office of corporation, according to the most recent Statement of Information filed by Green Solar with the Office of the

Secretary of State for the State of California. (*See* **Exhibit C** to the Mueller Decl.) The Subpoena has properly been served on Green Solar with service evidenced by an Affidavit of Special Process Server and attached notary jurat dated September 13, 2022. (*See* **Group Exhibit B** to the Mueller Decl.)

The document requests (attached as Attachment A to **Exhibit A**) are narrowly tailored to the limited purpose of identifying purchasers, owners, and end-users of Solar Panels who may be members of the Settlement Class and entitled to notice of the settlement reached in this class action. Specifically, the requests seek documents sufficient to identify the address and homeowner of each property on which Solar Panels have been installed or distributed by Green Solar, as well as documents sufficient to identify "purchasers," "lessees," "end users" and "third-party owners" of Solar Panels sold or installed by Green Solar. (*See* **Exhibit A** to the Mueller Decl. at Attachment A p. 6) The requests therefore seek relevant information, describe with particularity the documents sought, and do not impose an undue burden on Green Solar. To the extent identifying and producing documents responsive to the requests imposes any burden at all on Green Solar, the need for the documents far outweighs such burden as information relating to the identification of purchasers, owners, end-users, and locations of 1,096 Panels will aid the efforts to ensure notice of settlement is disseminated as broadly as possible.

As of the time of this Motion, Green Solar has not complied with, objected to, or otherwise responded to the Subpoena. (*See* Mueller Decl. at ¶ 6.) Because Green Solar has failed to respond to the Subpoena after a reasonable period of time, an order compelling compliance with the Subpoena should be issued. *See Dominguez v. Ford Motor Co.*, No. 5:21-cv-00226-JWH-SP, 2021 WL 6496838, at *2 (C.D. Cal. Dec. 1, 2021) ("[t]he court may compel compliance with a subpoena where the nonparty has not formally objected but has instead failed to respond") (internal quotations and citation omitted); *In re Subpoena to VaughnPerling*, 2019 WL 8012372 ("[t]he Court may also grant a motion to compel compliance with a Rule 45 subpoena . . . where the nonparty has not formally objected but has instead failed to respond); *see also Miranda v. Hokinson*, No. CV 07-0609-FMC(RCx), 2008 WL 11337227, at *2 (C.D. Cal. Dec. 12, 2008) (granting motion to compel

compliance with Rule 45 subpoena where "[a]lthough defendants have not shown Kaiser objected to the subpoenas, and plaintiff has not brought a motion to quash the subpoenas, . . . the Court infers that Kaiser will not comply with defendants' subpoenas without a Court order").

### III.    CONCLUSION

Bosch Solar respectfully requests that the Court grant its Motion to Compel Production of Documents and compel Green Solar Technologies, Inc. (f/k/a "American Solar Solution, Inc.") to comply with the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action and produce the documents requested therein.

DATED: December 19, 2022                K&L GATES LLP

By: */s/ Ashley Song*
    Matthew G. Ball
    Ashley Song

Attorneys for BOSCH SOLAR ENERGY CORPORATION